IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| JASON R. RICE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 5:13-CV-06115-NKL |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner | ) |
| of Social Security, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Before the Court is Jason Rice's counsel's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b)(1). [Doc. 18]. For the reasons set forth below, the Motion is granted in part, and the Court awards fees pursuant to § 406(b) in the amount of $5,835.00.

**I.    Background**

Claimant Jason Rice filed his application for disability insurance benefits in March 2011. After his application was denied, Rice requested a hearing before an administrative law judge (ALJ), which occurred in May 2012. The ALJ concluded Rice was not disabled, and Rice appealed this decision, first to the Appeals Council and then to this Court in October 2013. In June 2014, this Court reversed the Commissioner's decision and remanded the case for an award of benefits. [Doc. 12]. In September 2014, Rice's counsel, Kathleen Overton (hereinafter Counsel), requested attorney fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, and this Court awarded attorney fees in the amount of $4,449.25. [Doc. 16].

In December 2014, Rice was awarded more than three years' past-due benefits under Title II of the Social Security Act. [Doc. 18-3]. Consistent with 42 U.S.C. § 406, the

1

Commissioner withheld 25 percent of that past-due amount – $6,951.00 – for the payment of attorney fees, and Counsel requests this amount in the alternative to the fee previously awarded to her under the EAJA. [Doc. 18-3, p. 2]. In March 2015, Counsel was awarded $1,116.00 from Rice's past-due benefits for services provided to Rice during proceedings before the Social Security Administration pursuant to 42 U.S.C. § 406(a). [Doc. 18-5].

Counsel requests 25 percent of Rice's past-due benefits – $6,951.00 – consistent with a contingency fee agreement between Rice and Counsel. [Doc. 18-4]. Counsel acknowledges that, pursuant to *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002), fee awards may be made under both the EAJA and § 406(b), but the attorney must refund to the plaintiff the amount of the smaller fee. Counsel agrees to refund to Rice the $4,449.25 she received under the EAJA award because it is the smaller of the two awards.

**II.     Discussion**

The Commissioner of the Social Security Administration does not object to an award to Counsel under § 406(b), but argues that Counsel must also deduct from her fee request under § 406(b) the $1,116.00 Counsel received pursuant to § 406(a). [Doc. 20, p. 2]. Unlike fees awarded under the EAJA, which are paid by the Social Security Administration, fees awarded under 42 U.S.C. § 406 are paid from a claimant's past-due benefits. When a claimant receives a favorable decision, § 406(a) permits fees for services rendered before the Social Security Administration and § 406(b) permits attorney fees for services rendered before a court. The total amount deducted from a claimant's past-due benefits under §§ 406(a) and 406(b) may not exceed 25 percent. *See Murkeldove v. Astrue*, 635 F.3d 784, 788 (5th Cir. 2011) ("If a party receives an award pursuant to section 406(a) for administrative work and section 406(b) for work before a court, the aggregate of the fees cannot exceed 25% of past-due benefits.").

The § 406(b) fee requested by Counsel ($6,951.00) – when combined with the § 406(a) fee Counsel already received ($1,116.00) – exceeds 25 percent of Rice's past-due benefits ($6,951.00). The Commissioner argues Counsel's § 406(b) request must therefore be reduced by the § 406(a) award Counsel has already received. Counsel did not respond to this argument, and so the Court will assume Counsel concedes this point. Therefore, because Counsel has already received $1,116.00 in fees pursuant to § 406(a), her request for §406(b) fees must be reduced by that amount. Deducting $1,116.00 Counsel received pursuant to § 406(a) from the $6,951.00 Counsel now requests results in a § 406(b) fee request of $5,835.00.

Next, the Court must determine if a § 406(b) fee award in the amount of $5,835.00 is reasonable. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002) ("Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within the 25 percent boundary, as petitioners in this case acknowledge, the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.") (internal citations omitted). Factors to consider in determining whether a downward departure from the maximum 25 percent award is appropriate include the character of the representation and the results the representative achieved, whether the attorney is responsible for a delay causing the past-due amount to accumulate, or if the benefits are large in comparison to the amount of time counsel spent on the case. *Id.* at 808.

Considering the factors outlined in *Gisbrecht*, the Court finds that Counsel's request for 25 percent of the past-due benefits is reasonable. Counsel submitted a brief which successfully advocated for the reversal of the Commissioner's decision. This brief extensively described Rice's medical history and offered several arguments for why the ALJ's opinion was not supported by substantial evidence and for why an award of benefits was appropriate. Counsel

3

requested no extensions to the briefing deadlines and so did not cause the past-due amount to accumulate. Finally, the benefits are not large in comparison to the amount of time Counsel spent on the case. Deducting the EAJA fee Counsel must return to Rice, Counsel requests $5,835.00 for 24.05 hours of work.

The Court grants in part Counsel's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b)(1). [Doc. 20]. The fee requested by Counsel must be reduced by the amount Counsel already received pursuant to §406(a), but that reduced amount – $5,835.00 – is "reasonable" under *Gisbrecht*.

### III. Conclusion

The Court awards attorney fees under § 406(b) in the amount of $5,835.00 to Kathleen Overton, which shall be paid from the portion of Rice's past-due benefits that are being held by the Social Security Administration. The amount shall be paid directly to Ms. Overton. It is further ordered that Ms. Overton will refund to Rice $4,449.25, which is the amount of attorney fees previously awarded to her under the EAJA. This refund shall be made within ten days of receipt of the fee award under § 406(b). Therefore, the net fee earned by Ms. Overton pursuant to §406(b) is $5,835.00.

s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

Dated: June 1, 2015  
Jefferson City, Missouri